**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Crim. No. 13-119-03 (ABJ)** |
| | : | |
| **DENNIS BURKE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MOTION TO IMPEACH DEFENDANT WITH PRIOR**
**CONVICTIONS PURSUANT TO RULE 609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of the prior conviction of defendant Dennis Burke for impeachment purposes should the defendant elect to testify at trial in the above-captioned case.   In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be cited at a hearing on the matter.

The defendant has a 2006 voluntary manslaughter conviction, in Fayette County, West Virginia, Criminal Case No. 06-F-04.

Federal Rule of Evidence 609(a)(1) provides that "evidence that an accused has been convicted of a crime [punishable by imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused[.]"   Fed. R. Evid. 609(a)(1).   As our Court of Appeals has observed, Rule 609(a)(1) "stresses admissibility."   United States v. Lewis, 626 F.2d 940, 950 (D.C. Cir. 1980). "Courts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary."   Id.; see also United States

v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc) ("[W]e must conclude that Congress believed that all felonies have some probative value on the issue of credibility.").   As to the defendant's conviction, the D.C. Circuit made the following clear in Lewis:

> [W]e find that the judge's decision to admit evidence of the prior conviction was a reasonable response to the conflict in testimony.   Where such conflict exists, it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit.   The fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible.   It may even, as the judge found here, increase its probative value. . . . With appellant defending himself by denying knowledge of drug transactions, it is clear that his prior conviction on a plea of guilty to distributing heroin has substantial probative value on the issue of his credibility.   It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue.

626 F.2d at 950 (citation omitted) (emphasis added); see also Lipscomb, 702 F.2d at 1058, n.35 ("Lewis could be considered a special case because the defendant had testified that he was ignorant of street drug transactions.   Thus, his prior conviction served not only to impeach his credibility in general but also to rebut specific testimony.   However, while our opinion discussed this additional reason for admitting his prior narcotics conviction, our analysis did not treat this reason as critical[.]") (citations omitted).

Every impeachment by prior conviction involves some prejudice to a defendant, but that prejudice, standing alone, should not be enough to preclude the government's impeachment of the defendant in this case.   See Lipscomb, 702 F.2d at 1062 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.") (emphasis in original).   Should the defendant testify in this case, the issue of his credibility will be a central issue for the jury.   His conviction is a serious crime demonstrating disregard for the law. The probative value of this prior conviction in assessing the defendant's credibility substantially outweighs whatever potential prejudice there may be to him – particularly given the limiting instruction that the Court can promptly (and repeatedly) communicate to the jurors in order to prevent their improper use of such evidence.   To preclude such impeachment would unfairly afford each of the defendants "complete credence" – "when his criminal record stands as direct testimony to the contrary." Lewis, 626 F.2d at 950.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court grant the government's motion to impeach the defendant's credibility with his prior conviction should he testify at trial.

Respectfully submitted,

Ronald C. Machen Jr.
United States Attorney
D.C. Bar No. 447889

By: _____ -s- _____
Anthony Scarpelli
Suzanne C. Libby
Assistant United States Attorneys
Violent Crimes and Narcotics Trafficking Section
555 4th Street N.W, 4th Floor
Washington, D.C. 20530
(202) 252-7707 (Scarpelli)
(202) 252-6826 (Libby)
Anthony.scarpelli@usdoj.gov
Suzanne.libby@usdoj.gov

4