# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                )
UNITED STATES OF AMERICA,       )
                                )
    v.                          )    Crim. Action No. 13-0119-3 (ABJ)
                                )
DENNIS BURKE,                   )
                                )
            Defendant.          )
_____)

## MEMORANDUM OPINION & ORDER

On April 2, 2014, defendant Dennis Burke was sentenced to seventy-two months of incarceration after his plea of guilty to conspiracy to distribute and possess with intent to distribute five hundred grams or more of cocaine and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846. *See* J. in a Criminal Case [Dkt. # 175] ("J&C"). He now files a motion asking the Court to reduce his sentence in light of a recent amendment to the U.S. Sentencing Guidelines that he asserts would result in a two-level decrease in his total offense level. Mot. for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and in Conjunction with the Minus Two Drug Amendment 782 [Dkt. # 241] ("Def.'s Mot.") at 3. Since the Court and the defendant were aware of the potential change to the Guidelines at the time of defendant's sentencing, and the sentence imposed fell below the range that would become effective when the Guidelines were amended, the motion will be denied.

Defendant Burke correctly points out that the U.S. Sentencing Commission amended the sentencing guidelines applicable to drug offenses in November of 2014, when it reduced the offense level that corresponded to each quantity listed in the Drug Quantity Table used for calculating base offense levels in controlled substance offenses by two levels. U.S.S.G. Supp. to

App'x C, Amendment 782 (effective Nov. 1, 2014); *United States v. Jones*, 846 F.3d 366, 368 (D.C. Cir. 2017) (describing the amendment as "work[ing] an across-the-board reduction in the offense levels for most drug crimes"). In his plea, the defendant admitted that he was personally accountable for at least 196 but less than 280 grams of cocaine base, and at the time, that corresponded to a base offense level of 32. Plea Agreement [Dkt. # 138] at 4. As defendant notes, "recalculation of petitioner's total offense level under the present amended Guidelines would result in a two (2) level decrease of the total offense level." Def.'s Mot. at 3.[1]

Defendant Burke is also correct when he reminds the Court that 18 U.S.C. § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

When considering a request under this provision, the Court must analyze defendant's request in accordance with the "two-step inquiry" established in *Dillon v. United States*, 560 U.S. 817 (2010). Under this procedure, the Court must first decide if defendant is eligible for a sentence reduction under § 3582(c)(2) and then decide whether such a reduction is warranted according to the factors set forth 18 U.S.C. § 3553(a). *Dillon*, 560 U.S. at 827; *Jones*, 846 F.3d at 368.

But the Court is not persuaded that defendant is eligible for a sentence reduction under section 3582(c)(2), and it finds that a reduction would not be warranted since the sentence fell

---

1     Defendant adds that the applicable base offense level would therefore be 19, Def.'s Mot. at 3, but the level under the amended Guideline is 28. U.S.S.G. § 2D1.1(c).

below even the reduced sentencing Guideline range, and the sentence continues to be appropriate based on an evaluation of all of the statutory factors.

The sentence imposed in this case was agreed to by the parties as part of a plea agreement submitted to the Court under Federal Rule of Criminal Procedure 11(c)(1)(C). Plea Agreement at 4. The original indictment charged an offense that would have triggered a mandatory minimum sentence of ten years, and the parties agreed that the defendant would plead to a charge in a superseding information that required a mandatory minimum sentence of at least 60 months. The plea agreement setting the sentence at 72 months was negotiated before the United States had implemented what became its policy to give defendants the benefit of the amendment before it was formally adopted. Therefore, as part of the Court's colloquy at sentencing to determine whether it should accept the plea and the sentence, the pending amendment was discussed.

Counsel for defendant Burke made it clear that the defendant had been notified of the amendment under consideration. He explained that the agreed sentence being proposed under Rule 11(c)(1)(C) was not only lower than what the current Guidelines would recommend, but that it was lower than what the Guidelines would call for after they were amended, and that the defendant was not seeking to withdraw his plea or to ask the Court to reject the agreed-upon sentence.

> MR. BALAREZO: I have made Mr. Burke aware of the following, that the plea agreement that we negotiated with the Government was negotiated prior to the Department of Justice's new sentencing policies with respect to drug cases and the two-level reduction, and what I informed him was that that is the Government's policy now and that there was a possibility that if the plea agreement was not an 11(c)(1)(C) type plea, that his guideline level could have possibly been reduced by two levels. Even if that were the case, the 11(c)(1)(C) of 72 months is below the guideline-level range.
>
> But my concern, as I explained it to him, was that the reduction that he gets – I would say the relative percentage reduction that he gets from the

3

11(c)(1)(C) with respect to his higher guideline level is greater than that if the guideline were reduced by two levels and the sentence is still 60 months.[2]

. . .

THE COURT: I understand what you are saying. In either case, the sentence you've agreed to is lower than what the guideline range would be.

MR. BALAREZO: Right.

. . .

MR. BALAREZO: . . . I have spoken with the Government. The Government has indicated that it is not willing to modify or change the plea agreement as it stands. I have informed Mr. Burke of that, and he says that he is willing to go forward with sentencing.

THE COURT: Okay.

MR. BALAREZO: So I just raise that so the Court is aware that Mr. Burke is fully aware of what his rights are.

Tr. of Sentencing Hr'g [Dkt. # 242] ("Hr'g Tr.") at 3–5.

Following this discussion, the Court calculated defendant's offence level under the then-applicable Guidelines.

THE COURT: Under the U.S. Sentencing Guidelines, the base offense level for conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base, given the fact that the Defendant has admitted being accountable for at least 196 but less than 280 grams, his base offense level is 32, and there

---

2   The Assistant U.S. Attorney explained to the Court that the agreed sentence was not calculated based on a percentage reduction of the Guideline range, but upon a consideration of all of the statutory factors under 18 U.S.C. § 3553. Hr'g. Tr. at 5–6 ("MR. SCARPELLI: "[T]his was a negotiated plea agreement. It wasn't based on a percentage off. It was based on a lot of factors, including that if Mr. Burke went to trial and was convicted, he would have been convicted of a 10-year minimum mandatory offense because the crack was over 280 grams, as well as he would have been charged with illegal reentry which would have been a sentence most likely consecutive to the drug charge, which I believe the guidelines were somewhere around five years. So he was looking at approximately 15 years if he was convicted at trial. . . . I just want the Court to be aware that whether it's a 30 percent or 70 percent reduction, that wasn't a factor. It was the charges, his role in this offense, and some of the other things, such as the cooperators not having to testify, that Mr. Burke was eventually going to be deported. Those factors played a role in his 72-month sentence.")

are no adjustments one way or the other. So that's the offense level for Count 1.

Count 2, the base offense level for unlawfully entering or remaining in the United States is 8, and if he was deported after a felony, there's an increase of 16 points. Therefore, the adjusted guideline level for Count 2 is 24.

When you group those counts together, ultimately we ended up with a total offense level of 30. With the Defendant's criminal history as set out in the presentence report, his criminal history score was II, and that produces an advisory sentencing guideline range from 108 to 135 months.

Hr'g Tr. at 7. If the amendment had been in effect, the offense level would have been 28, resulting in an advisory sentencing Guideline range of 87 to 108 months. As the Court summarized the issue, "the important factor here is that first of all we don't know if the drug quantity levels under the guidelines are going to change, but if they did, the sentence that you would get this morning will still be less than what the guidelines would even recommend." Hr'g Tr. at 5.

At that point, the Court reviewed all of the factors set forth in 18 U.S.C. § 3553(a), and it concluded that the sentence being proposed by the United States and the defense was sufficient, but not greater than necessary, to fulfill all of the purposes of a criminal sentence, and it accepted the plea. Hr'g Tr. at 9–13; J&C at 1.

Based on all of these circumstances, applying the two-step inquiry in *Dillon*, the Court notes first that it is not certain that the defendant is eligible for a reduction under section 3582(c)(2) because it is not clear that he was sentenced "based on" a sentencing range that has subsequently been reduced: the sentence varied from the then-applicable sentencing range.

And second, the Court finds in any event that a reduction is not warranted, because at the time the sentence was imposed, the defendant was aware of the potential change to the Sentencing Guidelines, and he agreed to proceed to sentencing on the basis of the previously negotiated Rule
5

11(c)(1)(C) plea agreement. Moreover, the sentence imposed was, and still is, consistent with a full and fair consideration of the factors in section 3553(a).

Therefore, the defendant's motion is DENIED.

AMY BERMAN JACKSON
United States District Judge

DATE: September 29, 2017